```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 12-6775(JBS/JS) |
| v. | |
| INTERLINE BRANDS, INC., et al., | **OPINION** |
| Defendants. | |

APPEARANCES:

Stefanie G. Ebert, Esq.
Courtney Dolanay, Esq.
LAW OFFICES OF ROBERT A. STUTMAN, P.C.
500 Office Center Drive
Suite 301
Ft. Washington, PA 19034
    Attorney for Plaintiff Westfield Insurance Company

Ralph R. Smith, III, Esq.
DUANE MORRIS LLP
1940 Route 70 East
Suite 200
Cherry Hill, NJ 08003
    -and-
Mark McCarthy, Esq., appearing pro hac vice
TUCKER ELLIS
925 Euclid Avenue
Cleveland, OH 4115
    Attorneys for Defendants Watts Water Technologies, Inc.,
    Watts Regulator Co. and Watts Plumbing Technologies
    (Taizhou) Co., Ltd.

**SIMANDLE**, Chief Judge:

I. **INTRODUCTION**

    This matter is before the Court on Plaintiff Westfield Insurance Co.'s motion to remand the instant action to state

court.  [Docket Item 10.]  Removing Defendants Watts Water Technologies, Inc., Watts Regulator Co., and Watts Plumbing Technologies (Taizhou) Co., Ltd., ("Watts Defendants" or "Watts") oppose this motion and argue that the case should remain in federal court.  [Docket Item 25.]  The Watts Defendants argue that the action was properly removed on the basis of diversity jurisdiction since the forum defendants were not properly served at the time of removal.

This action involves the application of 28 U.S.C. § 1441(b)(2), commonly known as the forum defendant rule for diversity cases, and 28 U.S.C. § 1446(d), which identifies three steps a litigant must complete to effect removal.  For the reasons discussed below, the court concludes that the Watts Defendants completed the requirements of 28 U.S.C. § 1446(d) prior to the forum Defendant Interline being served.  Therefore, the forum defendant rule does not apply to bar removal by the Watts Defendants and Plaintiff's motion for remand will be denied.

**II. DISCUSSION**

The party removing an action to federal court bears the burden of proving that the federal court has jurisdiction. Samuel-Basset v. KIA Motors Am. Inc., 357 F.3d 392, 396 (3d Cir. 2004).  "Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."

Batoff v. State Farm Ins. Co., 977 F.3d 848, 851 (3d Cir. 1992). Courts are required to strictly construe 28 U.S.C. § 1441 against removal and rigorously enforce this policy "so that the Congressional intent to restrict federal diversity jurisdiction is honored." Samuel-Basset, 357 F.3d at 396. Further, by construing removal statutes strictly, the court gives proper weight to the Plaintiff's choice of forum. Zelma v. United Online Communications, Inc., No. 08-1030, 2008 WL 2625349, at *2 (D.N.J. June 27, 2008)(citing McManus v. Glassman's Wynnefield, Inc., 710 F.Supp. 1043, 1045 (E.D. Pa. 1989)).

    28 U.S.C. § 1441(b)(2), otherwise known as the forum-defendant rule, provides that a "civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  The forum-defendant rule recognizes that removal on the basis of diversity jurisdiction is intended to protect out-of-state defendants from possible local prejudices in state court and consequently, the need for such protection is absent in cases where one of the defendants is a citizen of the forum where the case is filed. DeAngelo-Shuayto v. Organon USA, Inc., No. 07-2923, 2007 U.S. Dist. LEXIS 92557, at *8 (D.N.J. December 12, 2007).  Indeed, the Third Circuit has explained:

3

> If diversity jurisdiction exists because of a fear that the state tribunal would be prejudiced towards the out-of-state plaintiff or defendant, that concern is understandably allayed when that party is joined with a citizen from the forum state. Indeed, when members from the forum state are present on both sides of the controversy, it becomes more difficult to imagine that a state tribunal would favor one side based upon biases in favor of its own citizens.

Dresser Indus. v. Underwriters at Lloyd's of London, 106 F.3d 494, 499 (3d Cir. 1997).

However, the forum-defendant rule creates an opportunity for a plaintiff to engage in procedural gamesmanship to prevent non-forum defendants from removing a case. Specifically, a plaintiff could improperly join a forum defendant or refuse to serve a forum defendant in an attempt to keep the action in state court. Therefore, Section 1441(b) requires the forum defendant to be "properly joined and served" in order to eliminate the potential for abuse. DeAngelo-Shuayto, 2007 U.S. Dist. LEXIS 92557, at **8-9. See also Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003).

In this case, the parties do not dispute that the forum defendants, Interline and MTD Corp., are citizens of the forum state and are properly joined in this action. It is also undisputed that at the time the Watts Defendants filed their Notice of Removal with the federal court on October 31, 2012, the forum defendants were not yet served. Interline was served on November 5, 2012, and MTD Corp. has not been served yet according

to the record.  In addition, the Watts Defendants served their Notice of Removal on the New Jersey Superior Court, Atlantic County, on November 5, 2012, pursuant to 28 U.S.C. § 1446, the same day forum Defendant Interline was served.

There are two main issues before the court.  First, the court must analyze when removal was effected and whether the service of the forum defendant on November 5th prevents removal.  Second, there is the issue of whether equitable considerations arising out of Hurricane Sandy militate against removal and in favor of remand.  Specifically, Plaintiff argues that it was unable to serve the forum defendant prior to October 31, 2012 because Hurricane Sandy made service impossible in the New Jersey region.  This opinion will address each issue separately below.

**A.   When was removal effective?**

Case law in the District of New Jersey clearly holds that removal is not complete until all three steps prescribed by 28 U.S.C. § 1446(d) are actualized.[1]  In La Maina v. Brannon, 804 F.

---

[1] The Third Circuit has not directly ruled on this issue. There are currently three schools of thought as to when removal is complete.  First, some courts have held that removal is effected simply by filing a notice of removal in the district court.  First Nat'l Bank v. Johnson & Johnson, 455 F. Supp. 361 (E.D. Ark. 1978).  Other jurisdictions have found that the state and federal courts have concurrent jurisdiction until the notice is filed with the state court.  Berberian v. Gibney, 514 F.2d 790, 792-3 (1st Cir. 1975).  Most jurisdictions have held that removal is effected by filing a copy of the notice of removal in state court.  The Eighth Circuit has expressly held that "[t]he only rule that logically follows from 28 U.S.C. § 1446(d) is that removal is effected when the notice of removal is filed with the

Supp. 607 (D.N.J. 1992), this court held that all three steps listed in 28 U.S.C. § 1446(d) must be completed before the state court is divested of jurisdiction and removal is effected. Specifically, the court turned to the express language of 28 U.S.C. § 1446(d) which provides:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d). This statute identifies three steps which a litigant must take to remove litigation from state court to federal court: (1) file the notice of removal in the federal court; (2) give written notice to all adverse parties; and (3) file a copy of the notice with the clerk of the state court. Since all three requirements appear prior to the statement that the completion of these steps "shall effect removal," the plain meaning of the statute indicates that all three steps must be satisfied in order to divest the state court of jurisdiction over the matter. Consequently, until all three steps are completed, the action is not removed and the federal court does not have jurisdiction.

This becomes important when read in conjunction with the

---

state court and at no other time." Anthony v. Runyon, 76 F.3d 210, 214 (8th Cir. 1996).

6

forum defendant rule in 28 U.S.C. § 1441(b). This statute provides that a civil action otherwise removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The citizenship of the parties and whether the parties have been properly joined and served for purposes of Section 1441(b)(2) is analyzed at the time the action is removed. Ripley v. Eon Labs, Inc., 622 F. Supp. 2d 137, 141 (D.N.J. 2007).

An issue arises when the forum defendant is served with the complaint after the non-forum defendant files a notice of removal in federal court but prior to the non-forum defendant serving the adverse party and the state court with their notice of removal pursuant to Section 1446(d). This was the factual scenario in Stern v. Bertek Pharmaceuticals, Inc., No. 07-5677, 2008 U.S. Dist. LEXIS (D.N.J. July 29, 2008). In Stern, the removing defendant filed its notice of removal with the federal court and a week later filed the notice of removal with the state court pursuant to Section 1446(d) and notified opposing counsel. Between filing the notice of removal with the federal court and completing the remaining two steps required by Section 1446(d), the plaintiff successfully served the forum defendant. The plaintiff argued that removal was therefore inappropriate because the forum defendant had been properly joined and served prior to

effecting removal.  The removing defendant urged the court to find that removal had been effected upon the filing of its notice of removal with the federal court and argued that the forum defendant's citizenship should be disregarded.

This court rejected the removing defendant's argument and remanded the case to state court.  This court reasoned that to hold otherwise would result in disregarding practically all of § 1446(d).  Stern, 2008 U.S. Dist. LEXIS 62066, at **11-12.  Consequently, if a forum defendant is served prior to the removing party completing all three steps required by Section 1446(d), the forum defendant rule applies to bar removal.

In the present case, the timing is different.  The Watts Defendants filed their Notice of Removal on October 31, 2012, but that does not mean that removal was effective on that date.  The Watts Defendants also needed to serve the Plaintiff with their Notice of Removal and file a copy of the notice with the Clerk of the State Court in order to effect removal.  If forum Defendant Interline, who was served on November 5, 2012, was served prior to the Watts Defendants effectuating removal, then the forum defendant rule would apply to bar removal in this case.

Here, the Watts Defendants have submitted sufficient evidence to prove that they served both Plaintiff's counsel and the New Jersey Superior Court with their Notice of Removal prior to Defendant Interline being served.  It is undisputed by the

parties that Interline was served at 3:58 PM on November 5, 2012, and that Plaintiff's counsel was served with the Notice of Removal prior to Interline being served. The main dispute between the parties is whether the Clerk of the Superior Court received the Notice of Removal prior to the Plaintiff serving Interline.

The court finds the Declaration of Clarence Dickerson is sufficient to prove that the Watts Defendants filed their Notice of Removal with the state court prior to the Plaintiff serving forum Defendant Interline. Dickerson avers that he is the Operations Manager for Vicinage I, Superior Court of New Jersey and as Operations Manager, he oversees the receipt of mail and delivery to the courthouse. (Dickerson Decl. ¶¶ 2-3.) This is sufficient to show that Dickerson has personal knowledge of when mail in the Clerk's office is received.

Dickerson attested that the mail was received on November 5, 2012, prior to 3:58 PM. The Plaintiff has presented no evidence to the contrary. The Notice of Removal is stamped "received and filed" on November 5, 2012. 28 U.S.C. § 1446(d) requires a removing party to "file a copy of the notice with the clerk of such State court" in order to effect removal. The Plaintiff's argument that removability is measured from when the Clerk opened and read the notice of removal or from the date the notice was docketed is without merit and contrary to the plain meaning of

9

the statute.  A document is deemed filed when received by the Clerk, not at a later date when it is processed in due course.

The record is clear that the Watts Defendants filed their Notice of Removal with the state court on November 5, 2012, prior to the forum defendant being served later that date.  Therefore, removal was proper and the forum defendant rule does not apply to this action.

B.   **The effect of Hurricane Sandy on removal**

The second issue is whether Hurricane Sandy and the subsequent entry of Standing Order 12-2 which declared the D.N.J. Clerk's Office inaccessible from October 29, 2012, through November 5, 2012, affects the Watts Defendants' removal. Specifically, the Watts Defendants filed their Notice of Removal electronically with the federal court on October 31, 2012, which is clearly within the time frame addressed by Standing Order 12-2.  Further, Plaintiff effectively served forum defendant Interline with process on November 5, 2012, which is also encompassed within Standing Order 12-2's time frame.

Standing Order 12-2 "declare[d] the inaccessibility of all Clerk's Offices for purposes of Federal Rule of Civil Procedure 6(a)(3)[2] and Federal Rule of Criminal Procedure 45(a)(3) from

---

[2] Fed. R. Civ. P. 6(a)(3) provides:
Inaccessibility of the Clerk's Office. Unless the court orders otherwise, if the clerk's office is inaccessible:

(A) on the last day for filing under Rule 6(a)(1), then

10

October 29, 2012 through and including November 5, 2012. . . . The next accessible day may be November 7, 2012, or such later date if extended by further Order."

In this case, Fed. R. Civ. P. 6(a) does not apply because the issue before the court is not how to compute time and Standing Order 12-2 does not affect the court's analysis of this motion to remand.  The purpose of Standing Order 12-2 was simply to automatically extend the deadlines for filing, not for prohibiting filing by those who were able to do so on the electronic system after the hurricane.  Here, the Notice of Removal was filed timely and the motion to remand was also filed timely in accordance with the removal statutes.  Consequently, there is no need to rely on Fed. R. Civ. P. 6(a) to adjust the computation of time.  Since Standing Order 12-2 deals exclusively with the computation of time under Rule 6 and does not suspend all filings with the court from October 29, 2012, through November 5, 2012, Standing Order 12-2 does not affect the date of

---

    the time for filing is extended to the first accessible
    day that is not a Saturday, Sunday, or legal holiday; or

    (B) during the last hour for filing under Rule 6(a)(2),
    then the time for filing is extended to the same time on
    the first accessible day that is not a Saturday, Sunday,
    or legal holiday.

Fed. R. Civ. P. 6(a)(1) addresses how to compute any time period specified in the Federal Rules, Local Rules, court order or statute that does not specify a method of computing time.  Fed. R. Civ. P. 6(a)(2) addresses how to compute a time period stated in hours.

the filing of the Notice of Removal or service on the forum defendant Interline.

Due to the electronic filing capabilities of the court, the Watts Defendants were able to file their Notice of Removal on October 31, 2012, on the electronic filing system (CM/ECF) despite the fact that the Clerk's Office was physically inaccessible on that date. In addition, it is clear that at the time the Notice of Removal was filed, forum defendant Interline was not yet served. Standing Order 12-2 does nothing to alter this outcome.[3]

The Plaintiff argues that this result is inequitable in light of the fact that the forum defendant could not be served due to Hurricane Sandy and was successfully served immediately after the storm subsided. However, the Watts Defendants correctly point out that the Plaintiff filed its complaint in state court on October 10, 2012 and chose to serve the non-forum defendant when it had notice that Hurricane Sandy would hit the Northeast. The Plaintiff could have delayed serving process on all defendants until after the storm or alternatively, could have

---

[3] The court has found no case law to the contrary. As recently as 2010, a district court noted that "[i]n fact, somewhat surprisingly, the Court has found virtually no treatment, in any jurisdiction, regarding the interplay between the computation of deadlines and the perpetual availability of electronic filing in the district courts." Pugh v. South Carolina Department of Public Safety, No. 10-1187 (RBH-BHH), 2010 U.S. Dis. LEXIS 141232, at *4 (D.S.C. Aug. 20, 2010).

served process on the forum defendants prior to the storm.  The Plaintiff made a choice, wittingly or not, to pursue service on the non-forum defendant rather than delay serving the non-forum defendant until after the hurricane.  The Plaintiff had notice that severe weather was headed towards the forum state and did not adjust its method or timing for serving process accordingly.

Therefore, equity will not apply to alter the application of the removal statutes.  Removal of this case was proper because, as discussed above, at the time removal was effected, the forum defendant had not been properly joined and served.  Removal of this case on the basis of diversity of citizenship was thus timely and proper.

Accordingly, Plaintiff's motion to remand will be denied.[4]

### III.  CONCLUSION

For the reasons discussed herein, the Plaintiff's motion to remand will be denied.  The accompanying Order will be entered.

**March 25, 2013**　　　　　　　　　　　　**s/ Jerome B. Simandle**
Date　　　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　　　　Chief U.S. District Judge

---

[4] The Plaintiff also requests an award of attorney fees for expenses incurred as a result of filing this motion to remand. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  In this case, removal was not improper and Plaintiff's motion for attorney fees will be denied.