IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WESTFIELD INSURANCE COMPANY a/s/o Insureds,<br><br>    Plaintiff,<br><br>    v.<br><br>INTERLINE BRANDS, INC., et al.,<br><br>    Defendants. | Civil No. 12-6775 (JBS/JS)<br><br>**OPINION** |

APPEARANCES:

Daniel Hogan, Esq.
Stefanie G. Ebert, Esq.
Kevin P. Smith, Esq.
Cheryl Garber, Esq.
Law Offices of Robert A. Stutman, PC
500 Office Center Drive
Suite 301
Fort Washington, PA 19034
    Attorneys for Plaintiff Westfield Insurance Company

Rachel Katherine Snyder von Rhine, Esq.
Marshall Dennehey Warner Coleman & Goggin
200 Lake Drive East
Suite 300
Cherry Hill, NJ 08002
    Attorney for Defendant Interline Brands, Inc.

Ralph R. Smith, III, Esq.
Capehart Scatchard
8000 Midlantic Drive Suite 300S
P.O. Box 5016
Mount Laurel, NJ 08054
    Attorney for Defendants Watts Water Technologies, Watts Plumbing
    Technologies (Taizhou) Co., Ltd., and Watts Regulator Co.

Benjamin C. Sassé, Esq.

Tucker Ellis LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113
    Attorney for Defendants Watts Water Technologies, Inc., Watts
    Plumbing Technologies (Taizhou) Co., Ltd., and Watts Regulator
    Co.

Adam Brian Kaplan, Esq.
Susan Lynn Swatski, Esq.
Hill Wallack LLP
202 Carnegie Center
Princeton, NJ 08540
    Attorneys for Defendant Linx, LTD

Denise Marie Montgomery, Esq.
Sweeney & Sheehan PC
216 Haddon Avenue
Suite 500
Westmont, NJ 08108
    Attorneys for Defendant Linx, LTD

**SIMANDLE,** Chief Judge:

## I. INTRODUCTION

This matter is before the Court on the motion of Plaintiff Westfield Insurance Company to remand this action to New Jersey Superior Court based on the Colorado River abstention doctrine. [Docket Item 106.]  The Court heard oral argument on September 20, 2013 regarding nine motions pending in this action.

This Opinion only addresses Plaintiff's second motion to remand, which the Court will deny for the reasons discussed below.  Colorado River abstention does not apply because this action is not parallel to the nine pending state court actions that involve the same product

2

defect at issue in this action.  Further, exceptional circumstances that merit abstention do not exist here.

**II. BACKGROUND**

    **A. Factual background**

This action is an insurance subrogation action brought by Westfield Insurance Company ("Westfield") on behalf of four insureds who suffered property damage due to allegedly faulty toilet supply lines manufactured and distributed by Defendants:  Interline Brands, Inc. ("Interline"); MTD (USA) Corporation; Watts Water Technologies; Watts Plumbing Technologies (Taizhou) Co., LTD; Watts Regulator Co.; Linx, LTD ("Linx"); and Everlotus Brands, Inc.[1]  Plaintiff asserts claims for negligence, failure to warn, breach of warranty, strict liability, and fraudulent concealment, as well New Jersey Product Liability Act violations.  Specifically, Plaintiff alleges that Defendants designed, manufactured, and distributed DuraPro brand toilet supply lines that had defective polymeric coupling nuts, which cracked and caused water damage to insureds' property.  [Docket Item 1-1.]  Plaintiff contends that each insureds' property damage was caused by the same product defect, i.e., cracking of the polymeric coupling nuts.  There are, however, different manufacturers and distributors connected with the various toilet supply line products.

---

[1] Plaintiff also named fictitious defendants John Does (1-100).

In the present action, the parties agree that two distinct chains of manufacture and distribution are at issue. One involves toilet supply lines allegedly manufactured by Everlotus and distributed by MTD. The other involves toilet supply lines allegedly manufactured by Watts Plumbing Technologies and distributed by Linx and Interline and/or Watts Regulator. These distinct supply chains resulted in two distinct coupling nuts on the toilet supply lines, one winged, the other ribbed.

Nine other insurance subrogation actions involving faulty toilet supply lines have been filed in Atlantic County Superior Court against these Defendants.[2] Plaintiff's counsel in this action also represents the plaintiffs, who are nine other insurance companies, in the state actions. Ten different insurance company plaintiffs brought the nine state court actions and the present action on behalf of over 150 subrogors who suffered property damage in over 20 states. There is an application for centralized management pending before the New Jersey Administrative Office of the Courts regarding the nine state court actions.

### B. Procedural history

This case was initially filed in Atlantic County Superior Court. Watts Water Technologies, Watts Plumbing Technologies (Taizhou) Co.,

---

[2] Two of the nine pending state court actions also include Zhejiang Dingbo Plumbing Manufacturing Co., Ltd. as a defendant.

LTD, and Watts Regulator Co. (collectively, "Watts Defendants") removed pursuant to 28 U.S.C. § 1441(b) on the basis of diversity jurisdiction. [Docket Item 1 ¶ 4.] Plaintiff Westfield filed its first motion to remand, arguing that diversity jurisdiction did not exist. [Docket Item 10.] Plaintiff did not make any other jurisdictional challenges or argue that abstention was proper in this first motion to remand. The Court issued an opinion and order on March 25, 2013, denying Plaintiff's first motion to remand and finding that the action was properly removed on the basis of diversity jurisdiction. [Docket Items 49 & 50.]

On September 20, 2013, the Court heard oral argument on nine motions: Plaintiff's second motion to remand, which is the subject of this Opinion, and eight other motions that are addressed in a separate Order also being filed today.[3] All of these motions were opposed with the exception of the three motions relating to MTD's cross-claims.

---

[3] Motion to Sever by Interline Brands, Inc. [Docket Item 74]; Motion to Dismiss for Forum Non-Conveniens or Alternatively to Compel Jurisdiction [Docket Item 77]; Motion for Summary Judgment by Watts Water Technologies [Docket Item 75]; Motion for Summary Judgment by Watts Plumbing Technologies [Docket Item 76]; Motion for Summary Judgment by Watts Regulator Co. [Docket Item 78]; Motion to Dismiss MTD's Cross Claim by Watts Water Technologies [Docket Item 83]; Motion to Dismiss MTD's Cross Claim by Watts Plumbing Technologies [Docket Item 84]; and Motion for Summary Judgment Dismissing MTD's Cross-Claims by Watts Regulator Co. [Docket Item 94].

**C. Parties' Arguments Regarding <u>Colorado River</u> Remand**

Plaintiff filed its second motion to remand based on the <u>Colorado River</u> abstention doctrine. Plaintiff argues remand is proper so this action can be managed with the nine state court actions under the state's centralized management procedure. Plaintiff argues that the state and federal actions are parallel and exceptional circumstances exist which merit abstention. Plaintiff emphasizes that the Court should avoid piecemeal litigation and New Jersey state law applies to all the underlying claims.

Interline, Linx, and the Watts Defendants oppose Plaintiff's motion. They maintain that the state and federal court actions are not parallel. These ten insurance actions (nine in state court and the present action) are brought by ten different insurance companies representing over 150 different insureds that suffered harm in different places and different circumstances. Defendants maintain that each subrogated action arises out of a different set of facts, including different properties, different installers of the toilet supply lines, and different dates of loss. Defendants argue that installation is a critical issue to liability because it is probable the toilet supply lines failed because they were not properly installed, not because of manufacturing or distribution issues. Further, Defendants argue that the property damage occurred in over twenty different states requiring the application of over twenty

6

different states' laws. Defendants argue that the only common thread among these cases is that the plaintiff insurance companies have the same counsel and that the identity of counsel does not support abstention.

**III. Analysis**

    **A. The Colorado River Abstention Doctrine**

The Colorado River abstention doctrine, named after the Supreme Court case of Colorado River Conservation District v. United States, 424 U.S. 800 (1976), exists for the rare circumstance where a federal court risks entering a judgment that could conflict or interfere with a parallel state court judgment. Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 15-16 (1983). However, for a district court to abstain under this doctrine, the circumstances must be truly exceptional because federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Colorado River, 424 U.S. at 817 (citations omitted).

Under the Colorado River doctrine, the first step in the abstention analysis is determining whether the state and federal actions are "parallel." Ryan v. Johnson, 115 F.3d 193, 196 (3d Cir. 1997). Where the actions are not parallel, "the district court lacks the power to abstain." Id. "For judicial proceedings to be parallel, there must be identities of parties, claims, and time." IFC Interconsult, AG v. Safeguard Int'l Partners, LLC, 438 F.3d 298, 306

7

(3d Cir. 2006). The Third Circuit has "never required complete identity of parties for abstention," but cases must have "substantially identical claims, raising nearly identical allegations and issues." Id. (citations and internal quotations omitted).

If the Court determines the cases are parallel, then in the second step, the Court must analyze whether exceptional circumstances exist. Ryan, 115 F.3d at 196. The Court must consider six factors: (1) which court first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties. Spring City Corp. v. American Bldgs. Co., 193 F.3d 165, 171 (3d Cir. 1999). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." Colorado River, 424 U.S. at 818-19. Courts rarely apply this doctrine because "[o]nly the clearest of justifications will warrant dismissal." Id.

### B. The Federal and State Court Actions Are Not Parallel

The federal and state court actions are not parallel. These ten subrogation actions involve ten different subrogee insurance companies and over 150 different subrogors, who suffered property loss in different states under different circumstances. Plaintiff argues that each action will require depositions of the same people regarding design and supply, as well as the same expert testimony. While there may be some common testimony, each action will involve discovery specific to the location of installation and property damage. Defendants note that, at minimum, discovery must analyze installation of the toilet supply lines to determine whether the product or the installation caused the water leaks. Undoubtedly, because installation occurred in over 20 states, unique issues and witnesses will arise in each case.

In addition, the parties agreed at oral argument that the property damage in the present action involves two different types of coupling nuts implicating different manufacturers and distributors. As such, even the present action prevents uniform discovery because there are two distinct supply chains. Viewed together with the unique discovery required by installation and property damage across 20 states, it is clear the ten subrogation actions involve different factual scenarios, are not substantially similar, do not raise nearly identical issues, and, therefore, are

9

not parallel.[4]

**C. Exceptional Circumstances Do Not Warrant Abstention**

Even if this action were parallel to the state court actions, exceptional circumstances warranting abstention do not exist. Plaintiff argues that the six factors warrant abstention, particularly the avoidance of piecemeal litigation and the presence of state law claims.[5]

The "avoidance of piecemeal litigation" factor does not warrant abstention because there must be a congressional policy against piecemeal litigation in the specific context to warrant abstention. Plaintiff relies on Trent v. Dial Med. of Florida, Inc., 33 F.3d 217 (3d Cir. 1994), to argue that state law tort claims absent a congressional policy can be sufficient to remand an action to state court for consolidation. In Trent, a dialysis patient brought a class action in federal court alleging negligence against a dialysis center and a seller of acid concentrate used in dialysis treatment. Id. at 219. Another patient had previously filed a similar class action against the dialysis center and two of its directors in state court.

---

[4] While Plaintiff emphasizes the efficiencies of centralized management in state court, this Court can prevent duplicate discovery. To the extent this case overlaps with the state court actions, the parties agreed at oral argument that discovery could be streamlined through cross-captioning of depositions and other devices.

[5] Plaintiff's moving papers only addressed two of the six factors: avoidance of piecemeal litigation and the presence of state law claims. However, at oral argument, Plaintiff argued that all six factors support abstention.

10

Id. After finding the cases parallel, the Trent court found that abstention was proper to avoid piecemeal litigation where state, not federal law governed. Id. at 225. The Trent court reasoned that the class certified in the state court case was broader, and it made "more sense to resolve common issues in a setting which will dispose of the most claims." Id.

Trent is not dispositive here, however, because the Third Circuit subsequently limited the Trent holding in Ryan v. Johnson, 115 F.3d 193 (3d Cir. 1997), and Spring City Corp. v. Am. Bldgs. Co., 193 F.3d 165 (3d Cir. 1999). In Ryan, the plaintiff filed a diversity action in federal district court alleging negligence claims. Ryan was among over 30 people injured when a deck collapsed at a house owned and rented by the defendants. Id. Sixteen other plaintiffs brought negligence actions in New Jersey Superior Court for claims arising from the same incident. Id. The Third Circuit found the actions were parallel, but refined its previous analysis of the "avoidance of piecemeal litigation" factor. Id. The Ryan court concluded: "We cannot reconcile Trent with either the caselaw of this circuit, or Colorado River . . . [N]either we nor the Supreme Court had ever held, until our decision in Trent, that the mere possibility of piecemeal litigation justifies Colorado River abstention; rather, there must be a strongly articulated congressional policy against piecemeal litigation in the specific context of the case under review." Id.

11

at 198 (emphasis in original). Accordingly, "[t]he presence of garden-variety state law issues has not, in this circuit, been considered sufficient evidence of a congressional policy to consolidate multiple lawsuits for unified resolution in the state courts." Id. The Court emphasized that Trent's broad interpretation of the "avoidance of piecemeal litigation" factor would "swallow[] up the century-old principle" that "pendency of an action in state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . ." Id. at 198 (quoting Colorado River, 424 U.S. at 817).

Subsequently, in Spring City, the Third Circuit made clear that Ryan provides the controlling application of the "avoidance of piecemeal litigation" factor. Spring City involved tort claims against various contractors and suppliers arising out of the partial collapse of the plaintiff's building. Spring City, 193 F.3d at 167. Ultimately, the incident spawned two cases in federal district court and one case in state court. Id. After finding the cases parallel, the Third Circuit noted that Trent was inconsistent with earlier decisions, as well as Supreme Court precedent. Id. at 172. The Spring City court held that "Ryan represents the applicable law under Third Circuit and Supreme Court precedent." Id. Importantly, "Colorado River abstention must be grounded on more than just the interest in avoiding duplicative litigation." Id. at 171-72. The

Spring City court emphasized that abstention, even for "considerations of wise judicial administration . . . can be justified . . . only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." Id. at 173 (quoting Colorado River, 424 U.S. at 195-96).

The Court finds the Third Circuit's analysis in Ryan and Spring City applicable to the instant action and rejects Plaintiff's contention that those cases represent a "split in authority in the Third Circuit." (Pl. Reply at 6.) Here, the Plaintiff's claims arise under state product liability tort law. There is no congressional policy indicating that product liability cases should be consolidated in state court and federal courts should abstain from hearing these types of cases when parallel state proceedings are present. Indeed, federal courts handle state product liability cases on a frequent basis and are capable of applying the appropriate state law. "The presence of garden-variety state law issues has not, in this circuit, been considered sufficient evidence of a congressional policy to consolidate multiple lawsuits for unified resolution in the state courts." Ryan, 115 F.3d at 199. Therefore, Plaintiff's argument that duplicative litigation warrants abstention lacks merit.

Although state law controls, the "applicable law" factor also does not warrant abstention. Plaintiff emphasizes that all claims

13

arise under New Jersey state law, but that argument does not warrant abstention. Property damage from the leaking toilet supply lines occurred in over twenty states. It is unclear whether New Jersey law will even govern these ten actions. Indeed, in the instant action, the four insureds suffered property damage in three states - Ohio, Tennessee, and Indiana. The water supply lines were manufactured and distributed by various different companies, not just by the same manufacturer and distributor. While state tort law will govern these claims, it is unclear whether New Jersey's law will ultimately apply. New Jersey's expertise in its own product liability law is not a sufficient basis for abstention because New Jersey state courts may have to apply different states' laws. Even if New Jersey law were to apply, abstention still would not be warranted because "abstention cannot be justified merely because a case arises entirely under state law." Id. (citing Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 26 (1983)). The "straightforward state negligence law issues" involved in these actions do not present the "rare circumstances" in which abstention is warranted based on the presence of state law claims. Id. at 199-200. Therefore, this factor does not favor abstention.

The remaining Colorado River factors also do not support abstention. Exmaining which court first assumed jurisdiction, "priority should not be measured exclusively by which complaint was

filed first, but rather in terms of how much progress has been made in the two actions." Moses H. Cone Mem'l Hosp., 460 U.S. at 21.  The nine state court cases are awaiting the outcome of a request for centralized management, while the parties in the instant action have engaged in extensive motions practice.  In addition, geographical convenience clearly does not apply here because the federal and state forums are both in New Jersey.  Further, Plaintiff concedes that administrative convenience can be achieved in federal court by coordinating discovery with the state court actions, avoiding at least some duplication.  Finally, Plaintiff offers no argument to show that federal and state courts will not equally and adequately protect the parties' interests.  Therefore, the court finds no exceptional circumstances favoring abstention.

**IV. Conclusion**

Plaintiff's motion for remand will be denied because the state and federal proceedings are not parallel and exceptional circumstances favoring abstention do not exist.  The accompanying Order will be entered.


**October 1, 2013**             s/ Jerome B. Simandle
Date                            JEROME B. SIMANDLE
                                Chief U.S. District Judge